

**SIGNED this 24 day of October, 2005.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | No. 05-12732 |
| DAVID ALLEN FLANAGAN | ) | |
| SHANNON MARIE FLANAGAN, | ) | Chapter 13 |
| | ) | |
| **Debtors** | ) | |

**M E M O R A N D U M**

This matter is before the court on the debtors' objection to the allowance of the claim asserted by Security Finance Corporation ("SFC"). Having considered the objection and taken judicial notice of the debtors' schedules and Chapter 13 plan and the creditor's proof of claim, the objection will be overruled.

On April 29, 2005, the debtors filed the voluntary petition commencing this case. Their schedule of secured debts disclosed that SFC holds a claim in the amount of $100.00 secured by an

1

avoidable security interest in household goods. The schedule did not list the debt as disputed, contingent, or unliquidated. The debtors' Chapter 13 plan, confirmed on July 5, 2005, provides for the avoidance of the security interest securing SFC's $100.00 claim. On August 1, 2005, SFC filed a proof of claim, asserting an unsecured claim in the amount of $1,071.81 for "money loaned" on February 7, 2005. No documentary evidence in support of the claim is attached to the proof of claim. The debtors objected to SFC's claim on September 8, 2005, affording it 30 days within which to respond to the objection in accordance with local rule. No response was timely filed.

Section 501 of the Bankruptcy Code provides for the filing of proofs of claim, and § 502(a) provides that, when a proof of claim is filed under § 501, the claim asserted thereby is deemed allowed unless a party in interest objects. Rule 3001 of the Federal Rules of Bankruptcy Procedure specifies the form, content, and evidentiary effect of proofs of claim. Rule 3001(a) requires substantial conformity with the official form, which requires the attachment of "copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. . . . If the documents are not available, explain. If the documents are voluminous, attach a summary." Rule 3001(c) specifically mandates that, "[w]hen a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Rule 3001(f) states: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

SFC did not file supporting documentation with its proof of claim. Accordingly, assuming the claim is based on a writing, the proof of claim was not executed and filed in accordance with the Bankruptcy Rules, and so it does not constitute prima facie evidence of the validity and amount of the claim. *E.g.*, *In re Shank*, 315 B.R. 799, 808-12 (Bankr. N.D. Ga. 2004); *In re Kemmer*, 315 B.R. 706, 713, 716 (Bankr. E.D. Tenn. 2004); *In re Jorczak*, 314 B.R. 474, 481 (Bankr. D. Conn. 2004); *In re Hughes*, 313 B.R. 205, 208 (Bankr. E.D. Mich. 2004). However, the court may not disallow the claim solely on that basis. *E.g.*, *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993); *Dove-Nation v. eCast Settlement Corp. (In re Dove-Nation)*, 318 B.R. 147, 152 (B.A.P. 8th Cir. 2004); *In re Burkett*, 329 B.R. 820, 828-29 (Bankr. S.D. Ohio 2005); *In re Guidry*, 321 B.R. 712, 714 (Bankr. N.D. Ill. 2005); *In re Mazzoni*, 318 B.R. 576, 578 (Bankr. D. Kan. 2004); *Shank*, 315 B.R. at 811-12; *Kemmer*, 315 B.R. at 713, 716; *Jorczak*, 314 B.R. at 481. Rather, the debtor must allege a "good faith theory that might require disallowance or reduction." *E.g.*, *Burkett*, 329 B.R. at 829; *Shank*, 315 B.R. at 811; *In re Cluff*, 313 B.R. 323, 331-32 (Bankr. D. Utah 2004); *see Dove-Nation*, 318 B.R. at 152; *Kemmer*, 315 B.R. at 716; *Hughes*, 313 B.R. at 208. Section 502(b) of the Bankruptcy Code lists the grounds for disallowance, and the failure to attach supporting documentation to the proof of claim is not among them. *E.g.*, *In re Heath*, No. CC-04-1324-MOBMA, ND 03-10028-RR, 2005 WL 2508142, at *8 (B.A.P. 9th Cir. Sept. 29, 2005); *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005); *Shank*, 315 B.R. at 812; *Cluff*, 313 B.R. at 331-32; *see Dove-Nation*, 318 B.R. at 152.[1]

---

[1] The court specifically rejects any argument that the lack of supporting documentation renders the proof of claim a nullity, such that no proof of claim has been "filed under section 501 of this title" as a matter of law. *See Barlow v. M.J. Waterman & Assocs. (In re M.J. Waterman & Assocs.)*, 227 F.3d 604, 608-09 (6th Cir. 2000) (proof of claim need only be in writing, contain a
(continued...)

One bankruptcy court has explained that whether a proof of claim has the effect of prima facie proof is significant only in the context of an evidentiary hearing:

> The debtors' claim objections raised no factual dispute requiring a hearing. If eCAST's proofs of claim are analogized to complaints – as is commonly done – then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of eCAST's noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but whether noncompliance itself renders a claim subject to disallowance. As already noted, it does not.
>
> Of course, if the debtors had raised a valid ground for disallowance in their claim objections – such as a denial that they actually owed the debts asserted – an evidentiary hearing would have been required. In that situation, eCAST's noncompliance with Rule 3001(c) would have resulted in eCAST having the burden of going forward with evidence at the trial; it could not have relied on its proofs of claim as prima facie evidence that the debtors were liable for the claims asserted. Indeed, if there were facts in dispute as to which the writings required by Rule 3001(c) would have been relevant, the debtors might properly have enforced the Rule's requirement through discovery. All of this, however, is merely speculative here, since the debtor's claim objections set forth no basis for disallowance of the claims that required any evidentiary hearing.

*Guidry*, 321 B.R. at 715 (citations omitted); *accord*, *Heath*, 2005 WL 2508142, at *9. Likewise, in this case, the debtors' objection does not include an allegation that they do not owe the debt to SFC, that the amount of the proof of claim is overstated, that the statute of frauds bars enforcement of the debt, or any other allegation giving rise to an issue of fact regarding any of the grounds for disallowance set forth in 11 U.S.C. § 502(b). Indeed, their schedules acknowledge that they owe a debt to SFC, albeit in an amount less than the amount stated on the proof of claim. Accordingly,

---

[1] (...continued)
demand by creditor, express intent to hold debtor liable, and be filed with bankruptcy court).

although SFC could not rely on its proof of claim at an evidentiary hearing, no such hearing is required because the debtors have not asserted a valid ground for disallowance.

The court is not suggesting that an evidentiary hearing is always required. If a debtor alleges the he or she does not owe a debt or that the debtor does not owe the amount stated in the proof of claim and Rule 3001(f) is inapplicable (such as if supporting documentation is not attached) so that the proof of claim does not constitute prima facie evidence of the validity and amount of the claim, it may be appropriate to sustain the objection without a hearing in the absence of a timely response – particularly if the objection is verified or supported by the debtor's affidavit. In this case, however, the debtors have not denied the validity or amount of the debt, so SFC was not required to respond. *Heath*, 2005 WL 2508142, at *11. If the debtors had alleged that the amount of the debt is overstated in the proof of claim, it may have been appropriate to sustain the partial objection in that the only evidence before the court would be the schedules (signed by the debtors under oath) and the Chapter 13 plan (signed by the debtors) stating a lesser amount, perhaps a verified objection or affidavit to the same effect, and the face of the proof of claim.[2] *See*, *e.g.*, *Burkett*, 329 B.R. at 829-30; *In re Relford*, 323 B.R. 669, 676 (Bankr. S.D. Ind. 2004); *Jorczak*, 314 B.R. at 481-82. However, the debtors have not even alleged that they owe less than the amount stated on the proof of claim.

Here, as in the *Kemmer* case, "[t]he only argument in support of the Debtors' Objection[] to Claim[] is that the Creditor['s] failure to attach documentation to the otherwise valid claim[] should result in the disallowance of [this] claim[] in [its] entirety." *Kemmer*, 315 B.R. at 717. This court

---

[2] A proof of claim (signed under penalty of a fine or imprisonment) is evidence of the claim, even if it is not prima facie evidence. *Cluff*, 313 B.R. at 337-38.

agrees with Judge Stair that "[a]cceptance of the Debtors' argument would result in a windfall to the Debtors, requiring the court to find that Rule 3001(c) interposes a non-statutory ground by which it may disallow claims. . . . Because the Debtors have not met their burden of proof by challenging the actual validity and legal sufficiency of the debt[] owed to [SFC], their Objection[] to Claim[] shall be overruled." *Id.*

###